UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHARIF J. BRICKLE,

                    Plaintiff,

          -against-

STATE OF NEW YORK; BRONX FAMILY
COURT,

                    Defendants.

26-CV-0373 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that

Defendants violated his federal constitutional rights and his rights under Title VI of the Civil

Rights Act of 1964 when his driver's license was suspended for failure to pay child support.[1] By

order dated March 17, 2026, the court granted Plaintiff's request to proceed *in forma pauperis*

("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses

the complaint, but grants Plaintiff 30 days' leave to replead his claims under Title VI of the Civil

Rights Act of 1964 in an amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

---

[1] Plaintiff submitted the complaint without a signature. By order dated January 16, 2026, Chief Judge Laura Taylor Swain directed Plaintiff to submit a signed copy of the signature page of the complaint (ECF 4), which Plaintiff did on February 2, 2026 (ECF 6).

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff's complaint does not include a case caption. (*See* ECF 1, at 1.) Because Plaintiff lists the State of New York and the Bronx County Family Court as the defendants on his IFP application, the Court assumes he intends to sue those two parties. The complaint largely consists of various legal assertions and citations to constitutional provisions and case law. The Court is able to glean the following factual allegations from Plaintiff's submission. Plaintiff brings this

2

action challenging "the suspension, denial, or restriction of [his] driver's license, which was imposed without lawful authority, without a constitutionally required inquiry into [his] ability to pay, without an adversarial hearing, and without considering alternatives to suspension." (*Id.*) His driver's license was suspended because of his non-payment of child support. (*See id.* at 3.)

Plaintiff asserts claims for violations of his rights under the Fourteenth and Eighth Amendments and Title VI of the Civil Rights Act of 1964.

Plaintiff seeks money damages and injunctive relief, including reinstatement of his driver's license and removal of the suspension from all agency records.

On February 5, 2026, Plaintiff filed a letter to which he attached various exhibits. Among the exhibits filed by Plaintiff is a December 5, 2025 letter from the New York State Department of Vehicles ("DMV") informing Plaintiff that his driver's license would be suspended effective December 19, 2025, due to his failure to pay child support to the Bronx County Office of Child Support Enforcement. (ECF 7, at 5.) Also included is a January 13, 2026 letter from the New York State Child Support Helpline informing Plaintiff that he can challenge the suspension or submit a request to make satisfactory payment arrangements, and providing him the necessary forms. (*Id.* at 7.)

## DISCUSSION

### A.    Eleventh Amendment immunity

Plaintiff's constitutional claims arise under 42 U.S.C. § 1983. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity[.]" *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). This immunity shields states from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985). "The immunity recognized by the Eleventh Amendment

3

extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. The New York State Unified Court System and individual state courts, including family courts, are arms of the state that are entitled to Eleventh Amendment immunity. *See Gollomp*, 568 F.3d at 368 ("[T]he New York State Unified Court System is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity." (citation omitted)); *Murray v. Thompson*, No. 17-CV-7004 (VB), 2018 WL 5113955, at *4 (S.D.N.Y. Oct. 19, 2018) (holding that a New York Family Court is an arm of the State of New York and is entitled to Eleventh Amendment immunity).

New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting Section 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). The Court therefore dismisses Plaintiff's Section 1983 claims against the State of New York and the Bronx County Family Court as barred by the Eleventh Amendment. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**B.    Suspension of Plaintiff's driver's license**

Under the exception to Eleventh Amendment immunity articulated in *Ex Parte Young*, 209 U.S. 123 (1908), "[a] plaintiff may avoid the Eleventh Amendment bar to suit and proceed against individual state officers, as opposed to the state, in their official capacities, provided that his complaint (a) 'alleges an ongoing violation of federal law' and (b) 'seeks relief properly characterized as prospective.'" *In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007) (citations omitted). Here, even if Plaintiff had named an appropriate individual state officer in their official capacity, the Court would still dismiss any claim for injunctive relief challenging the suspension of his driver's license.

### 1.    Procedural and substantive due process

Plaintiff asserts that the suspension of his driver's license violated his rights to procedural and substantive due process under the Fourteenth Amendment. New York law has an established procedure for notifying a child support debtor before suspending his driver's license and providing an opportunity for him to be heard. When child support arrears total four months or more of support payments, the Support Collection Unit of the New York State Office of Temporary and Disability Assistance "shall notify the support obligor in writing that his . . . continued failure to pay the support arrears shall result in notification to the department of motor vehicles to suspend the support obligor's driving privileges[.]" N.Y. Soc. Serv. Law § 111-b(12)(b)(1).[2] "A support obligor who has received such a notice may avoid the suspension" by (1) making full payment of all past due support; (2) making satisfactory payment arrangements for current and past due support, or (3) documenting that he is receiving public assistance or supplemental security income, or that his income falls below the self-support reserve. N.Y. Soc. Serv. Law § 111-b(12)(e).

If an obligor whose driving privileges were suspended did not actually receive the required notice, he "may at any time request a review" from the Support Collection Unit. If the Support Collection Unit determines that the obligor either "has not accumulated" four months of support arrears, or that he meets any of the requirements in N.Y. Soc. Serv. Law § 111-b(12)(e) for avoiding suspension (such as making a payment arrangement or demonstrating income below

---

[2] The Support Collection Unit must provide the notice "by first class mail to the support obligor's last known address or such other place where the support obligor is likely to receive notice, or in the same manner as a summons may be served. Forty-five days after the date of such notice, if the support obligor has not challenged the determination of the support collection unit . . . or if the support obligor has failed to satisfy the arrears/past due support . . . , the department shall notify the department of motor vehicles that the support obligor's driving privileges are to be suspended." N.Y. Soc. Serv. Law § 111-b(2).

certain levels), then the Support Collection Unit shall notify the DMV that the suspension of driving privileges shall be terminated. *See* N.Y. Soc. Serv. Law § 111-b(12)(f).

New York's established procedures thus provide for predeprivation notice and an opportunity to be heard before suspension of a driver's license. If, as a result of random and unauthorized action, a child support obligor does not receive the required notice, New York law also provides an opportunity for review and termination of the suspension if the obligor makes the required showing. N.Y. Soc. Serv. Law § 111-b(12)(f).

Among the exhibits submitted by Plaintiff are a letter from the DMV informing him that his driver's license would be suspended due to failure to pay child support and directing him to contact the Support Collection Unit with any questions or to how to avoid the suspension, as well as a letter from the NYS Child Support Helpline explaining to Plaintiff how he can avoid the suspension and providing him with the forms to complete in order to do so. (*See* ECF 7, at 5, 7.) Thus, Plaintiff's allegations do not suggest that he was deprived of his driver's license without predeprivation notice and an opportunity to be heard.

Furthermore, courts have repeatedly rejected substantive due process challenges based on the denial of a driver's license or revocation of a passport to an individual who owes child support arrears. *See, e.g., Collins v. Saratoga Cnty. Support Collection Unit*, 528 F. App'x 15, 16 (2d Cir. June 20, 2013) (finding no substantive due process violation even if the suspension of the driver's license was erroneous); *Weinstein v. Albright*, 2000 WL 1154310, at *5 (S.D.N.Y. 2000) (rejecting substantive due process challenge to federal law authorizing the denial or revocation of a passport to an individual who owes child support arrears exceeding $5,000), *aff'd*, 261 F.3d 127 (2d. Cir. 2001). Plaintiff therefore fails to state a procedural or substantive

due process claim under the Fourteenth Amendment in connection with suspension of his driver's license.

### 2.    Equal protection

Plaintiff also suggests that his driver's license was suspended based on his income in violation of his right to equal protection of the law. (*See* ECF 1, 4-5.) Having a low income or being in need of financial assistance is not a protected class under the Equal Protection Clause. *See Maher v. Roe*, 432 U.S. 464, 471 (1977) ("[T]his Court has never held that financial need alone identifies a suspect class for purposes of equal protection analysis."); *Bush v. City of Utica,* 558 F. App'x 131, 134 (2d Cir. Mar. 17, 2014) (rejecting the assertion that "low socio-economic status . . . demands and elevated form of scrutiny").

A plaintiff who does not allege membership in a protected class may state a cognizable claim of discrimination in violation of the Equal Protection Clause if he establishes that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Analytical Diagnostic Labs, Inc. v. Kusel*, 626 F.3d 135, 140 (2d Cir. 2010) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). In order to prevail in a class-of-one equal protection claim, a "plaintiff[] must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves." *Ruston v. Town Bd. of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) (internal quotation marks omitted).

Here, Plaintiff does not allege any facts suggesting that he has been treated differently than other similarly-situated individuals. Moreover, the State of New York has a rational and legitimate basis for suspending Plaintiff's driver's license due to his failure to pay child support. *See Collins v. Saratoga Cnty. Support Collection Unit*, No. 12-CV-0494 (GLS) (RFT), 2012 WL 2571288, at *7 (stating, in the due process context, that "the governmental interest in efficiently

7

collecting child support from delinquent obligors is considerable"), *aff'd*, 528 F. App'x 15 (2d Cir. June 20, 2013); *Stoianoff v. Comm'r of Motor Vehicles*, 107 F. Supp. 2d 439, 448 (S.D.N.Y. 2000) (holding New York vehicle law requiring Social Security numbers on driver's license applications was "rationally related to New York State's legitimate interest in locating the whereabouts of errant parents for purposes of carrying out child and spousal support programs"). Plaintiff therefore does not state an Equal Protection claim.

### 3.     Right to travel

Plaintiff's claim that suspension of his driver's license violates his right to interstate travel also fails as "[c]ourts routinely reject interstate travel claims based" on the theory "that enforcement of . . . license suspensions violate the constitutional right to free movement." *Golds v. City of New York*, No. 25-CV-3587 (HG), 2025 WL 1895233, at *6 (E.D.N.Y. July 8, 2025) (citing *Annan v. State of New York Dep't of Motor Vehicles*, No. 15-CV-1058 (CBA) (CLP), 2016 WL 8189269, at *5 (E.D.N.Y. Mar. 2, 2016) (collecting cases)).

### 4.     Eighth Amendment

Plaintiff asserts that the suspension of his driver's license also violated his Eighth Amendment right to be free from excessive fines. Courts perform a "two-step inquiry for determining whether a financial penalty is excessive under the Eighth Amendment." *United States v. Viloski*, 814 F.3d 104, 108 (2d Cir. 2016). First, a court must "determine whether the Excessive Fines Clause applies at all," then it must "determine whether the challenged forfeiture is unconstitutionally excessive." *Id.* at 109.

A forfeiture is only considered a "fine" under the Eighth Amendment if it can be characterized as "punitive." *Id.* A fine is punitive if it is extracted "as punishment for some offense." *U.S. v. Bajakajian*, 524 U.S. 321, 328 (1998); *see also United States v. An Antique Platter of Gold*, 184 F.3d 131, 139 (2d Cir. 1999) (describing as punitive a fine that "was

8

imposed at the culmination of a criminal proceeding that required a conviction of the underlying felony"). On the other hand, a "remedial" forfeiture—a forfeiture "intended not to punish the defendant but to compensate the Government for a loss or to restore property to its rightful owner"—falls outside the scope of the Excessive Fines Clause. *Viloski*, 814 F.3d at 109. A fine covered under the Clause is only unconstitutionally excessive if "it is grossly disproportionate to the gravity of a defendant's offense." *Bajakajian*, 524 U.S. at 334.

Here, even if the Court assumes that the suspension of Plaintiff's driver's license could be considered a monetary fine, the forfeiture appears to be remedial, not punitive. It was imposed as a means of securing payments owed to Plaintiff's children; it was not imposed as a result of a criminal proceeding. Even if the forfeiture could be considered a punitive fine subject to the Eighth Amendment, Plaintiff alleges no facts suggesting that the requirement that he pay child support was "grossly disproportionate" to the amount owed or to the amount calculated by the family court. Plaintiff therefore fails to state a claim under the Excessive Fines Clause of the Eighth Amendment.

## C.    Title VI

Plaintiff asserts claims under Title VI of the Civil Rights Act of 1964. Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."[3] 42 U.S.C. § 2000d. To state a claim under Title VI, a plaintiff must allege that (1) the defendant discriminated against him on

---

[3] Congress has abrogated the Eleventh Amendment immunity of states for violations of Title VI. 42 U.S.C. § 2000d-7(a)(1) ("A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of . . . title VI of the Civil Rights Act of 1964[.]"). The Court assumes, for the purposes of this order, that the State of New York receives federal financial assistance in connection with one of the agencies or programs that Plaintiff alleges violated his rights.

the basis of race, color, or national origin; (2) the discrimination was intentional; and (3) the discrimination was a substantial and motivating factor for the defendant's actions. *See Tolbert v. Queens Coll.*, 242 F.3d 58, 69 (2d Cir. 2001).

Here, Plaintiff invokes Title VI, but he alleges no facts suggesting that his race, color, or national origin played any role in the decision to suspend his driver's license for his failure to pay child support. In fact, nowhere in the complaint does Plaintiff identify his race, color, or national origin. The Court therefore dismisses Plaintiff's Title VI claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to replead his Title VI claims in an amended complaint alleging facts suggesting that he was discriminated against based on his race, color, or national origin.

**D.      Claims under state law**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**LEAVE TO AMEND GRANTED**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because the Court cannot say at this stage that amendment is futile, the Court grants Plaintiff 30 days' leave to amend his complaint to allege additional facts in support of his claim under Title VI.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

**CONCLUSION**

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), as barred by the Eleventh Amendment and for failure to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

The Court grants Plaintiff 30 days' leave to replead his Title VI claim in an amended complaint.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    March 25, 2026
          New York, New York

_Louis L. Stanton_
LOUIS L. STANTON
U.S.D.J.