UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHARIF J. BRICKLE,

     Plaintiff,

   -against-

STATE OF NEW YORK; BRONX FAMILY
COURT,

     Defendants.

26-CV-0373 (LLS)

SECOND ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

 Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this complaint alleging that Defendants violated his rights when his driver's license was suspended for failure to pay child support. By order dated March 26, 2026, the Court dismissed the complaint, but granted Plaintiff 30 days' leave to replead his claims under Title VI of the Civil Rights Act of 1964 in an amended complaint. On April 1, 2026, Plaintiff filed an amended complaint. (ECF 10.) On April 16, 2026, Plaintiff filed a document styled as an "Emergency Motion for Expedited Consideration and Speedy Relief," in which he appears to seek preliminary injunctive relief. (ECF 11.) The Court dismisses this action for the reasons set forth below.

## DISCUSSION

 Plaintiff filed the original complaint in this action against the State of New York and the Bronx Family Court. He brought claims under 42 U.S.C. § 1983 and Title VI of the Civil Rights Act of 1964, alleging that his driver's license was unlawfully suspended because of his non-payment of child support. By order dated March 26, 2026, the Court dismissed the complaint, but granted Plaintiff leave to replead his Title VI claims in an amended complaint. (ECF 9.) The Court dismissed Plaintiff's constitutional claims against the State of New York and the Bronx Family as barred by the Eleventh Amendment. (*Id.* at 3-4.) The Court also held that, even if

Plaintiff had named an individual state officer in their official capacity under the exception to Eleventh Amendment immunity articulated in *Ex Parte Young*, 209 U.S. 123 (1908), the Court would still dismiss any claim for injunctive relief challenging the suspension of his driver's license. Specifically, the Court rejected Plaintiff's claims under the Due Process Clause, the Equal Protection Clause, the Eighth Amendment, and Plaintiff's right to interstate travel. (*See* ECF 9, at 5-9.) The Court dismissed Plaintiff's Title VI claims because he alleged no facts suggesting that his race, color, or national origin played any role in the decision to suspend his driver's license for his failure to pay child support.[1] (*Id.* at 9-10.) The Court granted Plaintiff leave to file an amended complaint alleging additional facts suggesting a Title VI claim.

On April 1, 2026, Plaintiff filed a document that he describes as an "Amended Complaint . . . submitted in order to clarify the factual allegations and legal claims presented in the original complaint." (ECF 10, at 7.) That document names the same Defendants and essentially restates the allegations contained in the original complaint. On April 16, 2026, Plaintiff filed an "Emergency Motion for Expedited Consideration and Speedy Relief." (ECF 11.) That document, like the amended complaint, also repeats the same allegations contained in the original complaint.

In both of these documents, Plaintiff alleges no new facts that would cure the deficiencies with his Title VI claims identified in the Court's order of dismissal. That is, Plaintiff alleges no facts suggesting that his race, color, or national origin played any role in the decision to suspend his driver's license for his failure to pay child support. To the extent Plaintiff seeks to replead his constitutional claims, even though he was not granted leave to do so, because Plaintiff has

---

[1] The Court also declined to exercise supplemental jurisdiction of any state law claims Plaintiff may have been asserting.

2

alleged no new facts, the Court dismisses those claims for the same reasons it dismissed them in its prior order of dismissal.

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Court dismisses the amended complaint as barred by the Eleventh Amendment and for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court denies Plaintiff's Emergency Motion for Expedited Consideration and Speedy Relief as moot and directs the Clerk of Court to terminate the motion pending at ECF 11.

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   April 27, 2026
         New York, New York

_____
Louis L. Stanton
U.S.D.J.

3